# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL G. MOITOZO and IRIS N. MOITOZO, as TRUSTEES of the MOITOZO 1992 REVOCABLE TRUST,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | 1: 08-cv-1623 AWI  GSA<br><br>SCHEDULING ORDER (Fed.R.Civ.P 16)<br><br>Discovery Deadlines:<br>　Initial Disclosures : March 29, 2009<br>　Non Expert : September 11, 2009<br>　Expert Disclosures : October 9, 2009<br>　Supp. Expert Discl : October 30, 2009<br>　Expert Discovery : January 15, 2010<br><br>Non-Dispositive Motion Deadlines:<br>　Filing: January 22, 2010<br><br>Dispositive Motion Deadlines:<br>　Filing: February 2, 2010<br><br>Pre-Trial Conference:<br>　April 2, 2010 at 8:30 a.m.<br>　Courtroom 2 (AWI), 8th Floor<br><br>Trial:　June 2, 2010 at 8:30 a.m.<br>　　　　Courtroom 2 (AWI), 8th Floor<br>　　　　3-5 Days<br>　　　　Court Trial |

**I.　Date of Scheduling Conference**

January 29, 2009.

1

**II.     Appearances of Counsel**

Ted Fame and Lelia Tokuyama appeared telephonically on behalf of Plaintiff Manuel G. Moitozo and Iris N. Moitozo, as Trustees of the Moitozo 1992 Revocable Trust.

Brian Enos appeared telephonically on behalf of Defendant United States of America.

**III.    The Pleadings**

A.     Summary of the Pleadings

This arises from a property dispute regarding a Corporation Grant Deed recorded in Merced County, California, on September 28, 1989.  Romero Ranch Company, a corporation, conveyed certain real property located in Merced County to Defendant for use as a cemetery by the United States Department of Veterans Affairs.  The Subject Property was part of a large cattle ranch owned by the Romero Ranch Company, and the cattle ranch was known as Romero Ranch.

Plaintiffs allege they are the present owners of the Romero Ranch, and are therefore successors-in-interest regarding the provisions of the Deed.  Plaintiffs filed a complaint on October 24, 2008, and a First Amended Complaint was filed October 28, 2008.  Defendant answered the First Amended Complaint on December 30, 2008.

More particularly, Plaintiffs assert three causes of action.  The first and second claims seek "Adjudication of Title Dispute," whereas the final claim seeks declaratory relief. First, Plaintiffs claim the Deed requires that Defendant relocate a one-inch pipeline mentioned in the Deed, meant to provide stock water to Plaintiffs' adjacent land, at the southern boundary of the Subject Property, or to provide an adequate substitute.  Plaintiffs allege that Defendant has wrongfully refused to relocate the pipeline or to provide a substitute.

Second, Plaintiffs claim the Deed further requires Defendant to permit Plaintiffs access to Defendant's water transportation facilities to provide stock water to Plaintiffs' adjacent land, at the southern boundary of the Subject Property.  Plaintiffs allege that Defendant has wrongfully refused to allow said access.

Finally, Plaintiffs claim that a declaratory judgment pertaining to the two disputes is appropriate to allow the parties to understand their respective property rights and obligations.

Defendant denies each of Plaintiffs' claims.

B. Orders Re Amendment of Pleadings

No amendments are proposed at this time.

**IV.  Factual Summary**

A. Uncontested Facts:

1. The relevant Deed is dated February 3, 1989, and was recorded in Merced County, California, on September 28, 1989.

2. A true and correct copy of the Deed is attached as Exhibit A to the First Amended Complaint.

3. The Subject Property is the property described in the Deed.

B. Contested Facts:

1. The parties contest all other facts.

**V.  Legal Issues**

A. Uncontested:

1. Jurisdiction is proper.

2. Venue is proper in this district under 28 U.S.C. § 1391.

B. Contested:

1. Whether the Deed requires Defendant to relocate the pipeline to provide an adequate substitute for stock water to the land adjacent to the southern boundary of the subject property;

2. Whether the Deed requires Defendant to permit Plaintiffs access to Defendant's water transportation facilities to provide stock water to the land adjacent to the southern boundary of the subject property;

3

          3.      Whether the declaratory judgment requested by Plaintiffs regarding the two aforementioned disputes is appropriate.

### VI. Consent to the Magistrate Judge

Pursuant to 28 U.S.C. § 636 ©, the parties have not consented in writing to conduct all further proceedings in this case, including trial, before the Honorable Gary S. Austin, U.S. Magistrate Judge.

### VII. Discovery Plan and Cut-Off Date

The parties shall exchange initial disclosures required by Federal Rule of Civil Procedure 26 on or before **March 29, 2009**. The parties are ordered to complete all discovery pertaining to non-experts on or before **September 11, 2009**.

The parties are directed to disclose all expert witnesses, in writing, on or before **October 9, 2009**, and to disclose all supplemental experts on or before **October 30, 2009**. The written designation of experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.** Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The parties are directed to complete all expert discovery on or before **January 15, 2010.** The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

### VIII. Pre-Trial Motion Schedule

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than **January 22, 2010**. Non-dispositive motions are heard on Fridays at 9:30 a.m., before the Honorable Gary S. Austin, United States Magistrate Judge in Courtroom 10. **Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will**

**be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d).  However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date.  In the event that more than one attorney requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

All Dispositive Pre-Trial Motions shall be filed no later than **February 2, 2010**, and heard in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge.  In scheduling such motions, counsel shall comply with **Local Rules 78-230 and 56-260**.

IX.     **Pre-Trial Conference Date**

The pre-trial conference will be held on **April 2, 2010**, **at 8:30 a.m.** in Courtroom 2 before the Honorable Anthony W. Ishii.   The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 16-281(a)(2).** The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect X3[1] format, directly to Judge Ishii's chambers by email at awiorders@caed.uscourts.gov.  The parties' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

X.     **Trial Date**

The trial will be held on **June 2, 2010, at 8:30 a.m.** in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge.

---

[1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

1    A.    This is a court trial.

2    B.    Parties' Estimate of Trial Time: 3-5 days.

The parties' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 16-285.

### XI. **Settlement Conference**

The parties have indicated to the Court that a settlement conference is not necessary at this time. Either party may contact the Court should the parties wish to set the matter for a settlement conference. In the event a settlement conference is requested by the parties, the following information is relevant and applicable.

Unless otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[2] at the conference.

CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five (5) court days prior to the Settlement Conference the parties shall submit, directly to Judge Austin's chambers by e-mail to gsaorders@caed.uscourts.gov, a Confidential Settlement Conference Statement. The statement **should not be filed** with the Clerk of the Court **nor served on any other party,** although the parties may file a Notice of Lodging of Settlement Conference Statement  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.

---

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements. To the extent possible the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

The Confidential Settlement Conference Statement shall include the following:

A.  A brief statement of the facts of the case.

B.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

C.  A summary of the proceedings to date.

D.  An estimate of the cost and time to be expended for further discovery, pretrial and trial.

E.  The relief sought.

F.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

Should the parties desire a settlement conference, they will jointly request one of the court, and one will be arranged.  In making such request, the parties are directed to notify the court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer.

**XII.    Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

The parties do not anticipate that bifurcation of this action will be necessary at this time.

**XIII.   Related Matters Pending**

The parties have not identified any related matters.

**XIV.    Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow

the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

### XV.  Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **February 3, 2009**                             **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE